UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


IN RE:

Percy L. Thomas,                                    Case No. 06-40107
                                                    Chapter 13
                        Debtor.                     Hon. Phillip J. Shefferly

_____/

**ORDER DENYING MOTION TO EXTEND AUTOMATIC
STAY UNDER § 362(c)(3)(B)**

On January 4, 2006, the Debtor filed this Chapter 13 case. On January 25, 2006, the Debtor filed

a motion requesting that the automatic stay be continued in effect under § 362(c)(3)(B). The Debtor's

motion recites that the Debtor filed a previous Chapter 13 bankruptcy case on October 20, 2005 that was

dismissed on November 18, 2005. Section 362(c)(3)(B) of the Bankruptcy Code provides that, if the

party requesting an extension of the stay demonstrates that the filing of the later case is in good faith as to

the creditors to be stayed, the Court may extend the stay after notice and a hearing completed before the

expiration of the 30 day period from the date of the filing of the case. Because the Court may only extend

the stay if there has been notice and a hearing completed within 30 days after the filing of the Debtor's

petition, L.B.R. 4001-6(a) requires the motion to be filed within seven days after the date of the Debtor's

petition. Further, that local rule requires the moving party to obtain a hearing date from the judge's

courtroom deputy clerk to enable the Court to provide notice of the hearing to all parties in interest in

sufficient time to conclude the hearing before 30 days have expired after the date of the Debtor's petition.

The Debtor's motion in this case was not filed within seven days after the petition was filed but instead was

filed 21 days after the petition. Further, the moving party did not obtain a hearing date from the judge's

courtroom deputy clerk so that notice of the hearing could be provided to all parties in interest in this case in sufficient time to enable the Court to complete any hearing with respect to the Debtor's motion prior to the expiration of 30 days after the date of the Debtor's petition. Because the Debtor did not comply with L.B.R. 4001-6(a) by failing (i) to file the motion timely within seven days after the petition was filed; and (ii) to contact the judge's courtroom deputy clerk to obtain a hearing with respect to the motion,

IT IS HEREBY ORDERED that the Debtor's motion to extend the automatic stay under § 362(c)(3)(B) is denied.

Entered: February 02, 2006

/s/ Phillip J. Shefferly
Phillip J. Shefferly
United States Bankruptcy Judge

-2-